UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES, | CRIMINAL NO. 14-20177 |
| Plaintiff, | |
| V. | HON. ARTHUR J. TARNOW |
| RANDAL BELLESTRI, | VIOLATIONS:<br>18 U.S.C. 371<br>(Conspiracy)<br>26 U.S.C. 7206<br>False Tax Returns |
| Defendant. | |

## SUPERSEDING INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT ONE
**(18 U.S.C. 371) (Conspiracy)**

1. At times pertinent to this Information, and until July 2008, defendant Randal Bellestri owned and operated Odyssey Industries, Inc. ("Odyssey") and lived in Oxford, Michigan.

1

2. Odyssey was a Michigan corporation engaged in producing machine tools for the aviation industry with its principal places of business in Lake Orion, Michigan.

3. As a byproduct of the processes Odyssey used to manufacture machine tools for the aviation industry, it generated scrap metal which was sold to scrap dealers.

**The Conspiracy and its Objects**

4. From in or about 2000 until in or about 2009, the exact dates being unknown, in the Eastern District of Michigan, Southern Division, Bellestri and "PM," an Odyssey employee, did knowingly and willfully conspire, combine, and agree to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service ("IRS") of the U.S. Treasury Department in the ascertainment, computation, assessment, and collection of revenue and income taxes.

5. It was also an object of the conspiracy to file false tax returns which did not include the other income which Bellestri received from the scrap-for-cash scheme described herein.

6. During the conspiracy, Bellestri and "PM" arranged for the proceeds from the sale of Odyssey's scrap metal to be paid in cash to the two men; this was done

to conceal the receipt of the cash, diverting the money to the use of Bellestri and "PM," and concealing it from the IRS by not reporting it as income on their income tax returns.

**The Conspiracy's Manner and Means**

7. The conspiracy was accomplished by Bellestri and "PM" in the Eastern District of Michigan, Southern Division, by the following manner and means.

8. During the conspiracy, "PM" arranged with a scrap metal dealer ("Dealer A") that Dealer A would pay "PM" in cash for the scrap metal produced by Odyssey from its manufacturing operations. In doing so, "PM" acted on behalf of Bellestri and Odyssey, and with Bellestri's knowledge and agreement.

9. Dealer A would take delivery of scrap metal produced by Odyssey and in exchange would give cash to "PM."

10. After receiving cash from the scrap dealer, "PM" would keep some for himself and pay the remainder to Bellestri at Odyssey's offices in Lake Orion, Michigan.

11. On numerous occasions, Bellestri removed the cash left for him by "PM" and took it to his residence.

12. During the conspiracy, Bellestri and "PM" discussed with each other that they were not reporting the income from the scrap-for cash scheme described herein on their federal tax returns.

13. During the conspiracy, Bellestri filed tax returns with the IRS which did not report the other income he received from the scrap-for-cash scheme described herein, and the tax returns were therefore false.

**Overt Acts Furthering the Conspiracy**

14. In furtherance of the conspiracy and to affect its illegal objects, Bellestri and "PM" committed the following overt acts, among others, in the Eastern District of Michigan, Southern Division.

15. Bellestri and "PM" caused Odyssey's scrap metal to be delivered and sold to Dealer A on or about the dates listed below; in addition, "PM" and Bellestri accepted cash payments from Dealer A for the scrap metal on or about the dates listed below:

**Dates Scrap Metal Delivered and/or Dates When Cash Paid**

| 2005 | 2006 | 2007 | 2008 |
|------|------|------|------|
| 01/19 | 01/31 | 02/22 | 01/03 |
| 06/14 | 03/01 | 03/28 | 02/05 |
| 06/27 | 04/13 | 05/18 | 03/12 |
| 08/0 4 | 06/23 | 06/04 | |
| 08/24 | 08/19 | 06/15 | |
| 12/04 | 09/04 | 08/18 | |
| | 11/16 | 10/15 | |

|  | 11/20 | 11/08 |  |
|  | 12/16 | 12/13 |  |

16. During the conspiracy, Bellestri signed, authorized to be filed, and filed false federal tax returns which omitted the cash income he received from the scrap-for-cash scheme described above.

17. For tax years 2005 through 2008, Bellestri filed tax returns which were false in that they did not include all his income; specifically, as noted below, the returns omitted the cash income he received from the scrap-for-cash scheme. The table below summarizes the false returns:

| Tax Year and Adjusted Gross Income Reported | Corrected Adjusted Gross Income (Including Cash Payments) |
|---|---|
| 2005 $6,829,657 | $7,262,574 |
| 2006 $11,304,751 | $11,731,059 |
| 2007 36,356,006 | $37,053,761 |
| 2008 $220,720,436 | $221,318,469 |

## COUNT TWO
### (26 U.S.C. 7206(1))(False Tax Returns)

18. Paragraphs 1-3, 6, 8-17 above are incorporated by reference as if set forth in full herein.

19. On or about the date set forth below, in the Eastern District of Michigan, Southern Division, Defendant

RANDAL BELLESTRI

did willfully make and subscribe, or cause to be made and subscribed, United States Individual Income Tax Return (Form 1040), for the calendar year 2007, which return was verified by a written declaration that it was made under the penalties of perjury and filed with the IRS, and which return Bellestri did not believe to be true and correct as to every material matter, because the tax return reported an amount of income as set forth below which was not true and correct, as Bellestri's gross income for calendar year 2007 was an amount in excess of that reported on the return, while the return stated the defendant did not receive any "other income" and that his total income was as noted below, whereas, as he then and there well knew and believed, he had received other income from the scrap-for-cash scheme described herein, to wit:

| Count & Year Involved | Approximate Date Tax Return Signed and Filed | Adjusted Gross Income Reported & Amount Omitted (Cash) |
|---|---|---|
| Count: 2<br>Year: 2007 | May 8, 2008 | $36,356,006 (Reported)<br>($697,755)(Omitted) |

**All done in violation of Title 26, United States Code, Section 7206(1).**


BARBARA L. McQUADE
United States Attorney


S/GARY M. FELDER
Deputy Chief, National Security Unit


S/CHRISTOPHER L. VARNER
Assistant United States Attorney

Dated: May 19, 2014

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>14-20177 |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008 [ ]

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: CLV |

Case Title: USA v. Randal Bellestri

County where offense occurred: Oakland

Check One:  ☒ Felony  ☐ Misdemeanor  ☐ Petty

____Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number: ]
____Indictment/ ✓ Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

**Superseding Case Information**

Superseding to Case No: 14-20177    Judge: Arthur J. Tarnow

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| Randal Bellestri | 18 U.S.C. § 371<br>26 U.S.C. § 7206(1) | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 19, 2014
Date

Christopher L. Varner
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9684
Fax: (313) 226-4678
E-Mail address: christopher.varner@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.    10/13/09